**Richard T. BROWN, Jr., Appellant**

v.

**PHILADELPHIA MUNICIPAL COURT; Kathleen Rapone; Vivian T. Miller, Clerk; City of Philadelphia**

No. 01–3837.

United States Court of Appeals, Third Circuit.

Argued June 28, 2002.

Filed Sept. 24, 2002.

Richard T. Brown, Jr. (Argued), Philadelphia, PA, for Appellant.

Richard A. Sprague, Thomas A. Sprague (Argued), Geoffrey R. Johnson, Sprague & Sprague, Nelson A. Diaz, City Solicitor, Elise M. Bruhl (Argued), Assistant City

Solicitor, Appeals, City of Philadelphia, Law Department, Philadelphia, PA, for Appellant.

Before AMBRO, STAPLETON, and CUDAHY,* Circuit Judges.

OPINION

CUDAHY, Circuit Judge.

Richard Brown brought this action against the Municipal Court of Philadelphia (MCP), the City of Philadelphia and various of their employees (MCP defendants) under 42 U.S.C. § 1983 and the First Amendment right to access judicial records. Since Brown eventually obtained most of the requested documents, the MCP defendants filed a motion to dismiss Brown's complaint. The district court dismissed this case for mootness, though the court also issued a short memorandum opinion suggesting that Brown's allegations did not rise to the level of a constitutional violation. Brown now appeals. For the following reasons, we vacate and remand.

I.

This case arises out of the MCP's failure promptly to deliver a list of all parties arrested during a Mardi Gras celebration and related judicial documents to Brown, an attorney. Brown initially requested the documents on March 2, 2001 and continued to do so thereafter, but still had not received the documents by March 20, 2001. The period to appeal the Mardi Gras arrests was scheduled to expire on March 29, 2001 and March 30, 2001.

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the United States Court of Appeals, Seventh Circuit, sitting by designation.

On March 20, 2001, Brown filed a *pro se* complaint against the MCP defendants in district court. In his complaint, he asserted a 42 U.S.C. § 1983 claim alleging a violation of his First Amendment right of access to judicial records and sought injunctive relief. He also sought declaratory relief under 28 U.S.C. § 2201 and compensatory damages, including interest, costs and attorney's fees. After a preliminary hearing using a list of names of arrested parties obtained from a police department website, Brown received the requested documents. The MCP defendants filed a motion to dismiss on various grounds, including mootness. The district court granted the motion on mootness grounds. Brown now appeals the district court's dismissal of his complaint.

II.

This court has jurisdiction under 28 U.S.C. § 1291. We review de novo whether Brown's First Amendment claim is moot. *United States v. Smith*, 123 F.3d 140, 146 (3d Cir.1997) (holding that an appellate court applies de novo review to a plaintiff's First Amendment claim, including issues of mootness).

Article III of the Constitution confines the jurisdiction of the federal courts to actual "cases and controversies." The mootness doctrine defines constitutionally minimal conditions for the invocation of federal judicial power. A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (quotation omitted).[1]

---

1. The district court dismissed this case as moot. This Court lacks the jurisdiction to review the merits of a moot case, since "judicial power extends only to cases or controversies." *Powell v. McCormack*, 395 U.S. 486,

Brown argues that his claim falls into the "capable of repetition, yet evading review" exception to the mootness doctrine. This exception is "narrow and available only in exceptional situations." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 534 (3d Cir.2001) (quotation omitted). Further, the exception is limited to cases where two elements are present: " '(1) the challenged action was in its duration too short to be fully litigated to its cessation or expiration and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again.' " *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir.2001) (quoting *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993)). Even if we were to assume, given the length of time it took Brown to reach this stage of the litigation, that the first element is satisfied, we cannot conclude that there is a reasonable likelihood that he would be subjected to the same conduct again. The district court specifically held that "the facts established at the hearing, viewed in their entirety, rule out any realistic likelihood of future recurrence of the problems initially encountered by plaintiff." There can be no "reasonable likelihood" of repetition when Brown himself documents his subsequent success in obtaining equivalent records for the February 2002 Mardi Gras arrests. Reply Br. at 2 n. 1.

However, even though Brown's request for declaratory and injunctive relief may be moot, we must still consider the viability of his request for compensatory damages, interest, costs and attorney's fees. The availability of damages or other monetary relief normally precludes a finding of mootness. *Jersey Cent. Power & Light*

*Co. v. State of New Jersey*, 772 F.2d 35, 41 (3d Cir.1985) (holding that "[d]amages should be denied on the merits, not on the grounds of mootness"). Since the district court did not rule on Brown's possible claim for damages, even if nominal, we vacate and remand this case for a decision on the merits.

### III.

The judgment of the district court is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion regarding Brown's claim for damages, including, if necessary, attorney's fees and costs.

---

496 n.7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Although the MCP defendants argue that Brown waived his right to assert a First Amendment claim by failing to raise it on appeal, the district court granted a judgment for the defendants on mootness grounds. Thus, Brown is merely required to raise the issue of mootness on appeal to this court. He has not waived his right to assert his First Amendment claim.